IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Demetra L. Alexander, Individually and as Special Administrator on Behalf of the Estate of Leonard L. Haynes Sr., <br><br> Plaintiff, <br><br> v. <br><br> Sprinkmann Sons Corporation, *a corporation;* Wisconsin Electric Power Company, *a corp.*, <br><br> Defendants. | Case No: 1:13-cv-8242 |

**Complaint**
_____

Now comes the plaintiff, Demetra L. Alexander, Indvidually and as Special Administrator on Behalf of the Estate of Leonard L. Haynes Sr., by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

**JURISDICTION AND PARTIES**

1. Plaintiff Demetra L. Alexander is the daughter of decedent Leonard L. Haynes Sr. and is an adult citizen and resident of Peoria, Illinois.

2. Decedent Leonard L. Haynes Sr. passed away on December 14, 2011.

3. Decedent, prior to his death, was an adult citizen and resident of Peoria, Illinois.

4. Defendant Sprinkmann Sons Corporation ("Sprinkmann") installed and sold asbestos products including without limitation pipe covering, cement, boards, blocks, asbestos fibers, and turbine blankets, and a manufacturer of asbestos containing products including without limitation cement, blankets, and block.

5. Defendant Wisconsin Electric Power Company ("WEPCO") is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    **a** ) Oak Creek Power Plant located in Oak Creek, WI

    **b)** Valley Power Plant located in Milwaukee, WI

6. Defendants are both corporations, neither of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling, installing, or removing asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." *See* Exhibit A for the state of incorporation and principal place of business of each defendant.

7. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

8. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

9. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

10. Decedent during the course of his employment as a union laborer at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed, removed, or was otherwise placed into commerce by defendants.

11. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks

incurred by workers working with or near asbestos products.

12. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

13. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on or about November 16, 2011. Decedent then died from this lung cancer on December 14, 2011.

14. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

15. Plaintiff brings this count for negligence against defendant Sprinkmann and incorporates by reference all general allegations.

16. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of Sprinkmann's asbestos products and be exposed to airborne asbestos fibers.

17. Sprinkmann had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to Sprinkmann's asbestos products.

18. Sprinkmann knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

19. Sprinkmann breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b.    Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.    Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.    Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

20. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II - NEGLIGENCE - PREMISES OWNER

21. Plaintiff reasserts the above allegations 1 - 20 above.

22. This claim for negligence is brought against WEPCO.

23. WEPCO was the owner of the premises during the dates and times of Decedent''s exposures to asbestos indicated in ¶ 5, above.

24. The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises indicated in ¶ 5, above.

25. When Decedent worked at the premises, WEPCO knew or should have known about the health hazards of asbestos.

26. WEPCO, in the exercise of ordinary care, knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Decedent, working at the premises.

27. WEPCO knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

28. As the owners of the premises, WEPCO owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Decedent.

29. WEPCO breached its duty of care and was negligent by one or more of the following acts or omissions:

   a. failing to adequately warn Decedent of the dangers of harm from exposure to asbestos;

   b. failing to instruct Decedent adequately about safety precautions for exposure to asbestos;

   c. failing to establish adequate safety measures to protect Decedent from exposure to asbestos;

   d. failing to adequately test for asbestos where Decedent worked;

   e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;

   f. allowing the use of asbestos containing products at the premises;

   g. failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

30. As a direct and proximate result of the acts and omissions of WEPCO above, Decedent was injured as described above.

## COUNT III – PUNITIVE DAMAGES

31. Defendants acted maliciously, with intentional disregard for the rights, health, and safety of decedent which plaintiff is entitled to recover punitive damages.

## COUNT IV – WRONGFUL DEATH AND LOSS OF CONSORTIUM

32. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 - 31 above.

33. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused

the wrongful death of Decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and Plaintiff.

## PRAYER FOR RELIEF

34. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: November 15, 2013


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com